**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4799
_____

RONALD SATISH EMRIT,
Appellant

v.

INDEPENDENT MUSIC AWARDS, IMA; SONICBIDS, INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-14-cv-06751)
District Judge:  Honorable William J. Martini
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 27, 2015

Before:  AMBRO, VANASKIE and SLOVITER, Circuit Judges

(Opinion filed: June 3, 2015)
_____

OPINION[*]
_____

PER CURIAM

Ronald Satish Emrit, a citizen of Nevada, sued defendants IMA and Sonicbids,

Inc. for breach of contract, negligence, conversion, intentional infliction of emotional

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

distress, fraud, and tortious interference with business relations or contracts. Emrit alleges that he paid $160.00 to have seven music videos entered in the Independent Music Awards contest and that he "never heard back from" the defendants or their representatives after he submitted his videos. Emrit claims that the defendants never watched or judged his videos and he seeks monetary damages of $250,000 and an injunction mandating that the defendants accept an unlimited number of contest submissions from him free of charge.[1] The District Court granted Emrit's request to proceed in forma pauperis and dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). Emrit appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We agree with the District Court's assessment that it lacked jurisdiction[2] because the facts related to Emrit's claims for damages do not support a finding that the amount in controversy meets the requirements of 28 U.S.C. §1332. "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court."

---

[1] On appeal, Emrit also requests specific performance or injunctive relief in the form of a commercial recording contract with Universal Music Group, Warner Music Group, or Sony BMG to produce the seven music videos he submitted to the contest. We will not consider Emrit's arguments related to that request for relief because they were not raised below. See Bell Atl.-Penn., Inc. v. Penn. Pub. Util. Comm'n, 273 F.3d 337, 344 n.3 (3d Cir. 2001)("Our general practice is not to address legal issues not raised below, absent exceptional circumstances.").

[2] "[O]ur review of a dismissal for lack of subject matter jurisdiction is plenary." Frett-Smith v. Vanterpool, 511 F.3d 396, 399 (3d Cir. 2008).

Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

"[E]stimations of the amounts recoverable must be realistic. The inquiry should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." Id. at 403. Emrit claims that he paid $160 to enter the contest. His claim that his damages exceed the amount in controversy requirement are not supported by any legally cognizable calculation of damages.

Even if the District Court had jurisdiction, we agree that Emrit failed to state a claim on which relief could be granted. Our review of the District Court's dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). The standard under that section is the same as under Fed. R. Civ. P. 12(b)(6). See 28 U.S.C. 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(b)(6); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying 12(b)(6) standard to § 1915(e)(2)(B)(ii) dismissal). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Federal Rule of Civil Procedure 8(a)(2) requires a "showing" of entitlement to relief and courts "must look beyond conclusory statements and determine whether the complaint's well-pled factual allegations, taken as true, are enough to raise a right to relief above the speculative level." Renfro v. Unisys Corp., 671 F.3d 314, 320 (3d Cir. 2011)(quotation marks omitted). "Threadbare recitals

3

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Emrit pleaded that he paid entry fees and submitted his videos to the competition. He also pleaded generally that he communicated with employees at the company about his submission of the videos. He alleges that he "firmly believes" that his videos were not reviewed and that the defendants "take advantage" of the desire of aspiring artists to "make it big" in the music business. The remainder of his complaint is a threadbare recital of the elements of his causes of action followed by conclusory statements that defendants are liable under each cause of action. Emrit failed to state a claim on which relief could be granted.[3]

Accordingly, we will affirm the judgment of the District Court.

---

[3] The District Court did not offer Emrit an opportunity to amend the complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). However, Emrit has waived the issue. Even if he had not, it is clear from Emrit's filings that allowing him to amend his complaint would have been futile.

4